UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA BAIAMONTE, | Index No.: |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| KRISPY KREME INC., KRISPY KREME DOUGHNUT CORPORATION, and JOHN DOE CORPORATIONS 1-2, | |
| Defendants. | |

Plaintiff, Laura Baiamonte ("Plaintiff"), by her attorneys, Mark A. Marino, PC, as and for her Complaint against defendants Krispy Kreme Inc., Krispy Kreme Doughnut Corporation, and John Doe Corporations 1-2 (collectively, "Defendants"), respectfully sets forth and alleges as follows upon information and belief:

## NATURE OF THE ACTION

1. This is a slip-and-fall in the Krispy Kreme doughnut shop in Times Square.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and the action is between citizens of different states.

3. This district is the proper venue for this action pursuant to 28 U.S.C. § 1391, as all of the events giving rise to Plaintiff's claim occurred within this district.

4. At all times herein mentioned, Plaintiff Laura Baiamonte was, and still is, a resident of the State of Louisiana.

5. At all times herein mentioned, Defendant Krispy Kreme Inc. was, and still is, a Delaware Corporation with its principal place of business in North Carolina.

6. At all times herein mentioned, Defendant Krispy Kreme Inc. transacted business within the State of New York and regularly did and/or solicited business within the State of New York.

7. At all times herein mentioned, Defendant Krispy Kreme Inc. engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, expected or reasonably should have expected its acts or omissions to have consequences within the State of New York, and/or derived substantial revenue from interstate commerce.

8. At all times herein mentioned, Defendant Krispy Kreme Doughnut Corporation was, and still is, a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant Krispy Kreme Doughnut Corporation's principal place of business is outside the State of New York.

10. At all times herein mentioned, Defendant Krispy Kreme Doughnut Corporation was authorized to do business in the State of New York.

11. At all times herein mentioned, Defendant Krispy Kreme Doughnut Corporation transacted business within the State of New York and regularly did and/or solicited business within the State of New York.

12. At all times herein mentioned, Defendant Krispy Kreme Doughnut Corporation engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, expected or reasonably should

have expected its acts or omissions to have consequences within the State of New York, and/or derived substantial revenue from interstate commerce.

13. At all times herein mentioned, Defendant John Doe Corporations 1-2 ("John Does") were authorized to do business in the State of New York.

14. At all times herein mentioned, Defendant John Does transacted business within the State of New York and regularly did and/or solicited business within the State of New York.

15. At all times herein mentioned, Defendant John Does engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, expected or reasonably should have expected its acts or omissions to have consequences within the State of New York, and/or derived substantial revenue from interstate commerce.

16. At all times herein mentioned, the premises located at 1601 Broadway in the County, City, and State of New York, was a mixed commercial/residential building with multiple tenants, including Defendants.

17. At all times herein mentioned, and on September 4, 2022, the Ground Floor at 1601 Broadway in the County, City, and State of New York (the "Premises") was leased to Defendants.

18. At all times herein mentioned, and on September 4, 2022, Defendant John Does owned the Premises.

19. At all times herein mentioned, and on September 4, 2022, Defendant John Does leased the Premises.

20. At all times herein mentioned, and on September 4, 2022, Defendant John Does acted as the managing agent of the Premises.

21.	At all times herein mentioned, and on September 4, 2022, Defendants, their officers, servants, agents, and/or employees owned, operated, maintained, controlled, inspected, and/or managed the Premises.

## FACTUAL ALLEGATIONS

22.	At all times herein mentioned, and on September 4, 2022, it was the duty of Defendants, their officers, agents, servants, and/or employees to keep and maintain the Premises in a condition safe and suitable for use by tenants, their employees, customers, and the public at large.

23.	On and before September 4, 2022, Defendants, individually and/or collectively, through their officers, agents, servants, and/or employees were careless, reckless, and negligent in that they failed to own, operate, maintain, repair, inspect, and/or control the Premises in a condition safe and suitable for use by tenants, employees of tenants, customers, and the public at large, in that they caused, created, and/or allowed a defective, dangerous, wet, slippery, and hazardous condition to exist upon the Premises thereby constituting a nuisance, trap and menace to the life and limb of persons lawfully upon said Premises and making proper use of said Premises, and in particular Plaintiff Laura Baiamonte.

24.	On and before September 4, 2022, Defendants, individually and/or collectively, through their officers, agents, servants, and/or employees were further careless, reckless, and negligent in that they failed to properly inspect, repair, and maintain the subject Premises; in causing and/or creating a defective, dangerous, hazardous and/or slippery condition; in allowing liquid to accumulate in areas where it was reasonably foreseeable that tenants, employees of tenants, customers and/or members of the general public would walk; in failing to properly and sufficiently remediate leaks upon the Premises; in failing to properly inspect the Premises; in

failing to properly clean the Premises; in failing to make the Premises safe; failing to properly maintain the Premises; in failing to properly maintain the walking surfaces of the Premises; in failing to provide notice of a dangerous and slippery condition when Defendants, their officers, agents, servants, and or employees had notice of, or in the application of reasonable care should have had notice of, said condition; in failing to use reasonable care; in failing to make the aforesaid Premises safe; and that under all of the facts and circumstances herein enumerated, including acts of omission and commission, Defendants, their officers, agents, servants, and/or employees were negligent in the Premises.

25. On or about September 4, 2022, Plaintiff Laura Baiamonte was lawfully upon on the aforesaid Premises when she was suddenly and without warning caused to slip and fall and sustain severe, serious, and permanent personal injuries and damages due to the defective and hazardous condition of the Premises and the active and passive negligence, carelessness, and recklessness of Defendants, their officers, agents, servants, and/or employees.

26. The aforesaid incident and resulting injuries to Plaintiff Laura Baiamonte were caused solely and wholly by reason of the negligence, recklessness, and carelessness of Defendants.

27. The provisions of Article 16 are not applicable, as one or more of the exceptions outlined in CPLR §1602 are applicable.

## JURY TRIAL DEMANDED

28. Plaintiff demands a trial by jury.

## **FIRST CAUSE OF ACTION**
### **NEGLIGENCE**

29. Plaintiff Laura Baiamonte was lawfully upon on the Premises when she was suddenly and without warning caused to slip and fall.

30. On and before September 4, 2022, Defendants, individually and/or collectively, through their officers, agents, servants, and/or employees were further careless, reckless, and negligent in that they failed to properly inspect, repair, and maintain the subject Premises; in causing and/or creating a defective, dangerous, hazardous and/or slippery condition; in allowing liquid to accumulate in areas where it was reasonably foreseeable that tenants, employees of tenants, customers and/or members of the general public would walk; in failing to properly and sufficiently remediate leaks upon the Premises; in failing to properly inspect the Premises; in failing to properly clean the Premises; in failing to make the Premises safe; failing to properly maintain the Premises; in failing to properly maintain the walking surfaces of the Premises; in failing to provide notice of a dangerous and slippery condition when Defendants, their officers, agents, servants, and or employees had notice of, or in the application of reasonable care should have had notice of, said condition; in failing to use reasonable care; in failing to make the aforesaid Premises safe; and that under all of the facts and circumstances herein enumerated, including acts of omission and commission, Defendants, their officers, agents, servants, and/or employees were negligent in the Premises.

31. By reason of the aforesaid occurrence, Plaintiff Laura Baiamonte sustained serious, severe, and permanent personal injuries and damages, and was rendered sick, sore, lame, and disabled, and upon information and belief was permanently injured and so remains, was caused to suffer and will continue to suffer great physical pain and mental anguish, has been compelled to incur numerous obligations in an effort to cure herself of her said injuries, (upon

information and belief) will be compelled to incur further such obligations for an extensive time in the future, and was forced to remain away from her usual and customary duties and activities for an extended period of time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants for the following relief:

      a.    Compensatory damages in an amount to be determined at trial;

      b.    Punitive damages in an amount to be determined at trial;

      c.    Costs, expenses, and attorney's fees; and

      d.    Such other and further relief as the Court deem just.

Dated: New York, New York
       February 6, 2023

MARK A. MARINO, PC

By: _____/s/_____
Mark A. Marino, Esq.
*Attorneys for Plaintiff*
99 Wall Street, Suite 1865
New York, New York 10005
Tel: 212-748-9552
Fax: 646-219-5350
Email: mmarino@marino-law.com